UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| H & C GLOBAL SUPPLIES SA DE CV, a Mexican corporation,<br><br>Plaintiff<br><br>v.<br><br>PANDOL ASSOCIATES MARKETING, INC, a California corporation, and DOES 1 through 20, inclusive,<br><br>Defendant. | CASE NO. 1:13-CV-0827 AWI SKO<br><br>ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>(Document #14) |

## BACKGROUND

On May 30, 2013, Plaintiff filed a complaint for a violation of the Perishable Agricultural Commodities Act ("PACA") and breach of contract. Plaintiff alleges that it delivered produce to Defendant to re-sell, Defendant re-sold the produce, but Defendant failed to pay Plaintiff.

On July 17, 2013, Defendant filed an answer. Defendant admits most of the allegations in the complaint, but denies some. The answer lists no affirmative defenses.

On September 3, 2013, Plaintiff filed a motion for judgment on the pleadings. Plaintiff contends that Defendant's answer admits Plaintiff sold and delivered produce to Defendant, and Defendant failed to pay Plaintiff.

Defendant did not file any opposition to the motion for judgment on the pleadings.

## LEGAL STANDARD

Under Rule 12(c) of the Federal Rules of Civil Procedure provides that: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009). Judgment on the pleadings is appropriate when, taking everything in the pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress v. Japan Airlines, 486 F.3d 1111, 1114 (9th Cir. 2007); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999). The allegations of the nonmoving party must be accepted as true, while any allegations made by the moving party that have been denied or contradicted are assumed to be false. MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081 (9th Cir. 2006). The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party. Living Designs, Inc. v. E.I. DuPont de Nemours & Co., 431 F.3d 353, 360 (9th Cir. 2005).

The same standard of review applicable to a Rule 12(b)(6) motion applies to a Rule 12(c) motion. Dworkin v. Hustler Magazine, Inc., 867 F.2d 1188, 1192 (9th Cir. 1989). Judgment on the pleadings is appropriate when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law. Ventress, 486 F.3d at 1114 (9th Cir. 2007); Honey v. Distelrath, 195 F.3d 531, 532 (9th Cir. 1999).

## FACTS[1]

Defendant is a California Company with offices located at 2107 First Street, Selma, California. Defendant's entity engaged in the purchase and sale of perishable agricultural commodities ("Produce") in wholesale or jobbing quantities. Defendant is engaged in the business of purchasing or selling Produce in wholesale or jobbing quantities and meets the statutory definition of a "dealer" under PACA. Defendant is engaged in the business of negotiating sales and purchases of various types of Produce in interstate or foreign commerce for or on behalf of a vendor or purchases and also meets the statutory definition of "broker" under

---

[1] The facts are the complaint's allegations that Defendant has admitted to in the answer.

PACA.   At all relevant times Defendant operated its business under a valid PACA license issued by the United States Department of Agriculture.

Plaintiff and Defendant entered into contracts under which Plaintiff agreed to deliver Produce on a consignment basis and Defendant agreed to re-sell the Produce and remit the net proceeds to Plaintiff.

On or about January 25, 2013, Plaintiff delivered Produce to Defendant on a consignment basis for Defendant to re-sell.  Defendant received the shipments of Produce.  Defendant accepted each load of Produce that corresponds to the invoice numbers listed on Exhibit A to the complaint.  Defendant then re-sold Produce but has failed to pay Plaintiff.    Plaintiff has issued and Defendant has received the invoices listed in Exhibit A.

Plaintiff is an unpaid supplier or seller of Produce having delivered Produce to the Defendant for which it remains unpaid.   Defendant did not deliver funds to Plaintiff in the amounts set forth in Exhibit A.

## DISCUSSION

Based on the portions of the complaint that Defendant admits to in the answer, Plaintiff contends that it is entitled to judgment on as a matter of law.

**A.  PACA**

Plaintiff's first cause of action is brought under PACA.   "Enacted in 1930, PACA had the intent of 'preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry.'"  Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997) (citing Farley and Calfee, Inc. v. United States Dep't of Agric., 941 F.2d 964, 966 (9th Cir. 1991)). Dealers in perishable agricultural commodities violate PACA if they do not "make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had".   7 U.S.C. § 499b(4).

Here, the admitted facts constitute a PACA claim against Defendant.  Specifically, Plaintiff has adequately alleged that Plaintiff delivered produce to Defendant and Defendant failed to make a full prompt payment in violation of § 499(b)(4).  Thus, Plaintiff is entitled to judgment on the pleadings for its PACA claim.

**B. Breach of Contract**

A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach. Oasis West Realty, LLC v. Goldman, 51 Cal.4th 811, 821 (2011); Reichert v. General Ins. Co. of America, 68 Cal.2d 822, 830 (1968). The admitted facts constitute a breach of contract claim in favor of Plaintiff. Specifically, the parties agree that Plaintiff entering into a contract with Defendant, the contract required Defendant to remit payments for delivered produce to Plaintiff, Plaintiff performed on the contract by delivering the Produce, and Defendant has failed to pay Plaintiff. Thus, Plaintiff is entitled to judgment on the pleadings on its Breach of Contract Claim.

**C. Open Book Account**

An open book account is a detailed statement that constitutes the principal record of the transactions between a creditor and debtor arising out of a contract or fiduciary relationship, including the debits and credits. See Cal.Code Civ. Proc. § 337a. An open account differs from an account stated in that the parties to an open account have not agreed on a final balance. Cal.Jur.3d (2009) Accounts and Accounting, §§ 1 & 2. Where the parties have an express contract, the recording of entries does not establish an actionable account by implication. Russell Taylor's Fire Prevention Serv., Inc. v. Coca Cola Bottling Corp., 99 Cal.App.3d 711, 728 (1979). In fact, under California law, money due under an express contract cannot be recovered in an action claiming an open book account unless there is a contrary agreement by the parties. Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1395 n. 9 (2004).

> A book account is created by the agreement or conduct of the parties in a commercial transaction. Nonetheless, the mere recording in a book of transactions or the incidental keeping of accounts under an express contract does not of itself create a book account. Parties to a written or oral contract may, however, provide that monies due under such contract shall be the subject of an account between them.

H. Russell Taylor's Fire Prevention, 99 Cal.App.3d at 728.

In its motion, Plaintiff has not provided the elements necessary for it to succeed on an open

book account, and Plaintiff has not shown how the admitted facts meet these elements.[2]  From the Court's review, the facts admitted in the answer do not entitle Plaintiff to a judgment on the pleadings for its open book account claim.  The facts alleged in the complaint and admitted by Defendant do not provide the contract's specific terms nor are the contracts attached to the complaint.  It is impossible to know what created the open book account and why the records attached to the complaint are anything more than mere record keeping by the parties.  As such, the Court cannot find there are specific facts alleged in the complaint and admitted in the answer requiring judgment on the pleadings in an open book account.

**D.  Common Count for Goods Sold and Delivered**

"The essential elements of an action for money and/or goods had and received are (1) a statement of indebtedness of a certain sum, (2) the consideration made by the plaintiff, and (3) nonpayment of the debt." First Interstate Bank v. State of California, 197 Cal.App.3d 627, 635 (1987); see also Farmers Ins. Exch. v. Zerin, 53 Cal.App.4th 445, 460 (1997) (stating elements for common count).  In McBride v. Boughton, 123 Cal.App.4th 379 (2004), the California Court of Appeal explained that "[a] common count is not a specific cause of action . . . rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness . . . .  When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable." Id. at 394-95.  Because the breach of contract cause of action is based on the same facts as the common count, the common count is duplicative.  The specific facts alleged in the complaint and admitted in the answer are in Plaintiff's favor.  As this count is duplicative of the breach of contract claim, additional judgment will not be given.

//

//

//

---

[2] The Court is not obliged to comb the record to find some reason to grant or deny a motion. Forsberg v. Pac. N.W. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 2001); Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997) ("Judges are not like pigs, hunting for truffles buried in briefs.")

book account, and Plaintiff has not shown how the admitted facts meet these elements.[2]  From the Court's review, the facts admitted in the answer do not entitle Plaintiff to a judgment on the pleadings for its open book account claim.  The facts alleged in the complaint and admitted by Defendant do not provide the contract's specific terms nor are the contracts attached to the complaint.  It is impossible to know what created the open book account and why the records attached to the complaint are anything more than mere record keeping by the parties.  As such, the Court cannot find there are specific facts alleged in the complaint and admitted in the answer requiring judgment on the pleadings in an open book account.

**D.  Common Count for Goods Sold and Delivered**

"The essential elements of an action for money and/or goods had and received are (1) a statement of indebtedness of a certain sum, (2) the consideration made by the plaintiff, and (3) nonpayment of the debt." First Interstate Bank v. State of California, 197 Cal.App.3d 627, 635 (1987); see also Farmers Ins. Exch. v. Zerin, 53 Cal.App.4th 445, 460 (1997) (stating elements for common count).  In McBride v. Boughton, 123 Cal.App.4th 379 (2004), the California Court of Appeal explained that "[a] common count is not a specific cause of action . . . rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness . . . .  When a common count is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable." Id. at 394-95.  Because the breach of contract cause of action is based on the same facts as the common count, the common count is duplicative.  The specific facts alleged in the complaint and admitted in the answer are in Plaintiff's favor.  As this count is duplicative of the breach of contract claim, additional judgment will not be given.

//

//

//

---

[2] The Court is not obliged to comb the record to find some reason to grant or deny a motion. Forsberg v. Pac. N.W. Bell Tel. Co., 840 F.2d 1409, 1418 (9th Cir. 2001); Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997) ("Judges are not like pigs, hunting for truffles buried in briefs.")

**ORDER**

Accordingly, the Court orders that:

1. Plaintiff's motion for judgment on the pleadings is GRANTED in part;
2. Plaintiff is GRANTED judgment on its PACA claim and breach of contract claim;
3. Plaintiff's remaining claims are dismissed; and
4. The Clerk of the Court is DIRECTED to enter judgment for Plaintiff and close this case.

IT IS SO ORDERED.

Dated:   November 5, 2013                                   _____
                                                                             SENIOR DISTRICT JUDGE